Adopted February 3, 1891.

### SAM MAVERICK V. S. P. MAURY.
#### No. 6818.

1.  **Parties— Partnership.** —Plaintiff made a contract to perform labor and furnish material, etc.  While the work was progressing plaintiff took into his business a partner; before the work ended the partner had retired from the business, releasing his interest to plaintiff.  *Held,* that the new partner was neither a necessary nor proper party to the suit.  Not having been a party to the contract when made, it was not necessary to allege the fact that he had acquired an interest which he had reassigned to the plaintiff before suit.

2.  **Evidence Competent.**—Plaintiff having underlet part of his contract it was competent to prove such contract, and when in writing the instrument was the proof of the subcontract.

3.  **Practice in Production of and Objection to Testimony.**—Objection should

be made as soon as the inadmissibility of testimony is disclosed by the examination of the witness. It should then be insisted on, and if it be not sustained exception should be reserved.   See example where held such objections could not be made available by obtaining a charge of the court that the testimony should be disregarded

4.   **Charge Upon Items in an Account Not Proved.**—Where plaintiff seeks to establish an account consisting of several items and closes his testimony, and there are any items to which no competent testimony has been given, it is then proper for the court to exclude such items upon motion, or to instruct the jury to disregard them.

5.   **Testimony to an Account Sufficient to be Submitted to Jury.**—Testimony to an account was attacked for the reason that the witnesses to it, while testifying to its correctness, developed the fact that much of the testimony was not upon the knowledge of the witnesses, but from memoranda furnished from day to day by workmen.   The testimony further showed that the account had been presented to the defendant, who then had promised to pay it.   Some items were testified to by witnesses knowing them.   *Held*, no error to refuse an instruction that the jury should not consider the account testified to.

6.   **Charge to Disregard Testimony.** — It was not error to refuse a sweeping charge to disregard testimony of a bookkeeper who had made up an account from daily memoranda furnished by workmen engaged, and when some of the original memorandums are produced, and where the testimony was not at the time objected to for want of the original memoranda; it also appearing that some of the workmen were dead and others out of the State.

7.   **Alterations in an Account.**—By contract plaintiff was to have actual cost for material and labor furnished.   The material was bought in a distant market.   The work was charged by the day or hour, varying with the season and the capacity of the workmen.   Errors were discovered and corrections were made in the account in red ink. They were explained by the witness making them.   *Held*, if made in good faith they should have cast no suspicion upon the account.   Whether made in good faith was a question for the jury.

8.   **Charges.** — See charges approved as submitting the rule contained in contracts sued upon by which the rights of the parties upon the testimony could be ascertained.

9.   **Charge.** — A general claim for damages for a failure to pay a money indebtedness, with no specific allegations showing damage, was not noticed in the charge.   A mere failure to charge when not asked is not error, there being nothing in the charge from which the jury could have inferred that such damages could be given.

10.   **Compromise Verdict.**—Where there is testimony under which the jury could have found a larger or a less verdict, that the verdict was a compromise would not be ground for reversal of a judgment upon it.

APPEAL from Bexar.    Tried below before Hon. G. H. Noonan.

This is an appeal from a judgment for $2445.33 and costs, rendered, against Maverick in favor of S. P. Maury.    The cause of action was an alleged balance of account for plumbing, gas fitting, and steam heating apparatus for a building for appellant.    Defendant contested the claim, and alleging that he had overpaid the plaintiff, asked judgment in recon-vention for the excess.

Verdict and judgment thereon for Maury.    Maverick appealed.

The facts sufficiently appear in the opinion.

*McLeary & King*, for appellant.— 1. The court erred in allowing the trial of this case to proceed, over the objection of the defendant, after it

was made apparent from the evidence of the plaintiff that there was a defect of parties plaintiff, in this, that one Bainbridge was a partner of S. P. Maury under the firm name of " Maury & Co.," and the suit, although prosecuted under the name of " Maury & Co.," is prosecuted by S. P. Maury for his own benefit, and the said Bainbridge is not a party thereto. Speake v. Prewitt, 6 Texas, 257, 258; Dicey on Parties, rule 2, p. 172.

2. The court erred in admitting in evidence before the jury, over the objection of the defendant, the contract made between S. P. Maury on the one part and Branch, Crookes & Co. on the other part, because none of the defendants were parties to that contract, and this suit was not based thereon, and because it was not shown that either of the defendants ever ratified the said contract or in any way became connected with it or bound by it. Tucker v. Hamlin, 60 Texas, 176; 1 Greenl. on Ev., sec. 52; Baird v. Gillett, 47 N. Y., 187.

3. The court erred in refusing to withdraw from the consideration of the jury the account filed in this case by the plaintiff, because the evidence of the plaintiff himself shows that the account was made up from his books and that the books were incorrectly kept, and that the plaintiff had no personal knowledge of the correctness of the account; and no testimony was given showing the correctness of the books kept by the plaintiff, and no other sufficient proof of the correctness of the account was laid before the jury. Railway v. Johnson, 72 Texas, 95; McCauley v. Long, 61 Texas, 74; Tucker v. Hamlin, 60 Texas, 175; Railway v. Levy, 59 Texas, 551.

4. The court erred in refusing to give the first instruction asked by the defendant in regard to the account introduced in evidence by the plaintiff, such an instruction being necessary under the evidence and the previous rulings of the court made thereupon. [See opinion.] Railway v. Johnson, 72 Texas, 95.

5. The court erred in refusing to give the second instruction asked by the defendant, excluding the evidence of the bookkeeper Cowdry, the evidence showing that Cowdry's testimony was based upon the books of the plumbers, which were not introduced before the jury nor proven to be correct; no other sufficient basis for the testimony of Cowdry having been laid before the jury.

6. If the books of the plaintiff, which had been offered in evidence, had been materially changed after the original entries had been made in them, they were not legal evidence, and having been admitted the court should have instructed the jury to disregard them. Flato v. Brod & Hemmi, 37 Texas, 735; Burleson v. Goodman, 32 Texas, 229; Townsend v. Coleman, 20 Texas, 820; 18 Texas, 420; Ward v. Wheeler, 18 Texas, 249; Burnham v. Chandler, 15 Texas, 444; Underwood v. Parrott, 2 Texas, 172; 1 Sayles' Civ. Stats., art. 2266, note 5; 1 Smith's Lead. Cases, 503–538; 1 Greenl. Ev., secs. 117, 118.

*Shook & Vander Hoeven* and *Oscar Bergstorm,* for appellee.—1. In a suit upon a contract it is not necessary to join as plaintiff a partner who had become such after the contract was made, and who had not become a privy thereto with the defendant, and had no interest in the contract or the profits thereof at the time of the institution of the suit. Atkins v. Arthur, Stone & Co., 33 Texas, 431; Pars. on Part., secs. 433, 434, *et seq;* 1 Lind. on Part., secs. 208, 209, note 1, p. 251, and cases cited; 3 Kent's Com., 36; 2 Coll. on Part., p. 577, *et seq.,* sec. 525; Hawes' Part. to Act., sec. 89, note 23.

2. Facts are relevant when so connected with a fact in issue as to form part of the same transaction or subject matter. Facts, whether in issue or not, are relevant to each other when one is, or probably may be or probably may have been, the cause of the other.

3. The day book or blotter into which loose memoranda are on the same day entered is the book of original entries and must be produced. Memoranda made in rough on a slate or on a mere temporary note book, of which the object is merely to assist the memory until the entries are made in a day book, are not books of original entry and need not be produced. Railway v. Johnson, 72 Texas, 95; Whart. Ev., 3 ed., sec. 682; Ingraham v. Bockins, 9 Serg. & R., 285; Morris v. Briggs, 3 Cush., 342; Hale v. Glidden, 39 Me., 445; Barber v. Haskell, 9 Cush., 218; Patton v. Ryan, 4 Rawle, 408; Jones v. Long, 3 Watts, 325; Abb. Tr. Ev., 324; Woods Prac. Ev., pp. 411, 412, note 1.

4. It is the province of the jury to reconcile the conflict between the testimony of witnesses and to render a verdict for any amount they deem proper within the range of the evidence. Handley v. Leigh, 8 Texas, 129; 1 Sayles' Civ. Stats., art. 1323, and notes.

GAINES, ASSOCIATE JUSTICE. —The appellee brought this action against the appellant to recover a balance alleged to be due appellee for labor and materials furnished upon a building belonging to appellant in pursuance of two contracts entered into by the parties. The first contract was for furnishing and putting into the building a steam heating apparatus and was in writing. By the terms of the agreement appellant bound himself to pay appellee for the material and work $2975, provided appellee put in the foundation. If appellant put in the foundation the price was to be $2800.

The second contract was not reduced to writing, but by its terms it was agreed that the appellee was to put into the building the plumbing and gas fittings and to furnish all the materials and labor necessary for the work, and appellant was to pay him the actual cost of such material and labor together with 15 per cent upon the amount as a compensation for his undertaking. The appellee claims that there was no limit agreed upon as to the amount, while appellant insisted that the appellee guaranteed

that the entire cost should not exceed $2600.  In his answer appellant alleged that appellee had been overpaid and prayed judgment against him for the alleged excess.

The written contract was signed Maury & Co.  The appellee, who was examined as a witness in his own behalf, testified that he made the contracts for himself alone; that he was at the time doing a business on his own account in the part of the city of San Antonio where appellant's building was situated under the name of Maury & Co., but that in that business he had no partner, and that he had a partner in a distinct business in another part of the city, but that the latter had no interest in these contracts.  He further testified that after the contracts were entered into he took one Bainbridge into partnership and gave him an interest in them, but that before the work was completed they had dissolved, and that upon the dissolution Bainbridge had relinquished to him all the interest he had acquired in them.

Upon the introduction of this testimony the appellant "objected to proceeding further until the proper parties were made, because the testimony of the plaintiff himself showed that Bainbridge had become interested in this contract and was a member of the firm of Maury & Co. and should be made a party plaintiff in this case, and because the petition did not show that he, Bainbridge, had ever had any interest in the contract sued upon, and that his interest had been transferred to S. P. Maury."  The objection was overruled and the trial was allowed to proceed, and defendant excepted and now assigns the ruling as error.

The ruling was not erroneous.  Bainbridge had no interest in the contract when the work was completed, and therefore he was neither a necessary nor a proper party to the suit.  Not having been a party to the contracts when made, it was not necessary to allege the fact that he had acquired an interest which he had reassigned to the plaintiff before the suit was brought.

Appellee also testified that he sublet the contract for furnishing the material and constructing the steam heating apparatus, including the foundation, to a firm known as Branch, Crookes & Company, and that they completed the job and held him responsible for the money.  The contract with that firm being in writing, it was offered in evidence and admitted over the objection of the defendant.  Its admission is assigned as error.  In order to prove his case it was necessary for the plaintiff to show that he had done that work himself or had procured it to be done.  Having shown that Branch, Crookes & Company had done the work, it was incumbent upon him to prove that they did it at his instance and on his account.  His contract with them for the work being in writing, it would seem that the writing itself was the best evidence of the fact.  But even if not necessary to make out plaintiff's case, we can not see what possible injury its admission has done to the defendant.

A bill of particulars of the material put into the building and the labor done upon it under the contract for the plumbing and gas fittings, together with the price of each item, was annexed to and made a part of plaintiff's petition. The appellant complains of the refusal of the court to give an instruction in regard to this account, which instruction, together with the circumstances under which it was requested, are shown by the following statement from a bill of exceptions taken to the ruling:

"Maury testified in answer to the question of defendant's counsel that the account sued upon was made out in the following manner: 'We had several plumbers at work upon the defendant's building. Every time any one of them went to work in the building he put down in a little book the amount and kind of material he himself had put into the building, the length of time he had worked during the day, and the length of time the "helper" had worked with him. When the plumber came back to the shop he would give to the bookkeeper from his (the plumber's) own little book the kind and amount of material used in the building and the length of time the plumber and helper had worked, all of which was then transcribed by the bookkeeper. This is the only way that I know the books and accounts are correct. I do not know of my own knowledge that the material all went into the building. I supposed that the plumbers kept correct books themselves.'

"Mr. Cowdry, the bookkeeper of the plaintiff, had already testified that the books were made up in the manner above set forth. None of the plumbers' books were offered in evidence, nor was the absence of said books accounted for, nor did any of the plumbers of plaintiff testify as to the correctness of any part of the account. But one of the pass-books, to-wit, Stevens', was produced by defendant's witness Alvord when it was demanded by plaintiff and offered in evidence, and the defendant objected to the same for other reasons stated, and the court sustained the objection. Whereupon, after the plaintiff, S. P. Maury had testified as above set out, the defendant requested the court for time to write out a motion to strike the said account of plaintiff out of the evidence, and thereupon the court told defendant's counsel that this course was not necessary, but said the same end could be reached and that the matter could be controlled by a charge to the jury, and after the evidence was closed the defendant asked the following special instruction:

"'Gentlemen of the jury, you will not consider in evidence the account of the plaintiff testified from by him in this cause, nor will you consider in making up your verdict any testimony that may have been given about the correctness of his books by the plaintiff, since it has been shown to you that the plaintiff does not know that his books are correct.'

"But the court refused to give the special instruction thus asked, to which ruling and action of the court the defendant excepted."

We need not determine what should have been the ruling on the evi-

dence against which the requested instruction seems to have been directed, had it been objected to at the proper time. The objection should be made as soon as the inadmissibility of the evidence is disclosed by the examination of the witness. It should then be insisted on, and if it be not sustained an exception should be reserved. When a plaintiff seeks to establish an account consisting of several items and closes his testimony, and there are any items to which no competent testimony has been given, it is then proper for the court to exclude such items upon motion or to instruct the jury to disregard them. Ward v. Wheeler, 18 Texas, 249. If the testimony be excluded before the plaintiff has closed, he has the opportunity to support his case by additional evidence, but after he has gone to the jury, relying upon the evidence then before them, and after the arguments have been closed, it would in many cases work an injustice to exclude his testimony by an instruction.

The propriety of such an instruction depends in a great degree upon the circumstances of each case, and it would seem that the trial court has ordinarily a discretionary power in such cases. Judge v. Stone, 44 N. H., 593; Selkirk v. Cobb, 79 Mass., 313. It has been held that a proper course is to charge as to the effect of the evidence. Gawtry v. Doane, 51 N. Y., 84; Gilmore v. Railway, 104 Pa. St., 275.

The special charge under consideration embraced two instructions—one not to consider the account at all and the other to disregard any testimony given about the correctness of his books by the plaintiff. There was testimony as to the correctness of the account not derived from the plaintiff's books. He testified that he presented the account to the defendant and that he promised to pay it; and again, that he did not object to it. This alone rendered the first part of the instruction improper.

The cross-examination of the plaintiff shows that he did not know of the correctness of the items of the account in his books from his personal observations of the facts, and hence his evidence that they were correct was not proof of the fact.

But it was a case in which it was proper for him to show his good faith in having his books kept, and his testimony that they were correct tended to show that he did not know them to be incorrect. A failure to testify to his belief in the correctness of his books would have been, under the peculiar facts, a circumstance against him, from which it was proper that he should free himself by testimony to his belief. A charge that his testimony was to have this effect only should, if requested, have been given. But it was not error to refuse that requested.

It is complained also that the court erred in refusing an instruction directing the jury to disregard the evidence of plaintiff's bookkeeper, Cowdry, because the books from which he testified were made up from the books of the plumbers, and these books were not produced. If the objection had been made when the testimony was introduced or when

the plaintiff closed his evidence, it is probable that the grounds of the objection would have been in part at least removed.   The plumbers' books were their private memoranda, and one was dead and others were out of the State.   But one testified for plaintiff on the stand, another by deposition for the defendant.   The book of the last mentioned witness came by some means into the possession of the defendant, who refused to produce it upon the demand of the plaintiff.   As the instruction was general as to the whole, this alone was a sufficient reason for its refusal.

It is further claimed that there was error in refusing to instruct the jury to disregard the books of plaintiff and the account taken therefrom, because they had been changed.   The effect of the evidence in regard to this matter was that after the accounts were entered upon the books the bookkeeper discovered that there were some errors in some items as to the price of material and work, some being too high and some too low, and that they were corrected, the corrections being made in red ink.

The material and labor were to be charged to the defendant at actual cost.   The material was bought in a remote market and the price of work, which was charged by the day or the hour, seemed to vary somewhat with the season and with the capacity of the workman.   It is but reasonable that mistakes should have been made in entering the prices, and it was proper to correct them.   If made in good faith they should have cast no suspicion upon the account, and whether made in good faith or not was a question for the jury.   It was not proper to give an instruction to the effect that as a matter of law the changes did cast suspicion upon the books and authorized the jury to disregard the account.

In the general charge the court instructed the jury as follows:

"1.   The plaintiff sues for a balance he alleges to be due him from the defendant for material and labor furnished by plaintiff in the completion of the building of the defendant.

"2.   The defendant denies any indebtedness to plaintiff, and avers that instead of there being a balance due the plaintiff for the work and material as claimed by plaintiff, the plaintiff was overpaid by the defendant, and he asks a return of the money so overpaid.

"3.   The defendant claims also that said work and material were also furnished by plaintiff at certain stipulated rates and prices and that the amount claimed by plaintiff is in excess of the amount stipulated.

"4.   If you find from the evidence that the specialty allotted [the last two words are propably a clerical error] to plaintiff in the completion of the building of the defendant required the procurement of both materials and labor, and that said materials and labor were to be furnished at the cost thereof, and that in addition to said cost of materials and labor the plaintiff was to be allowed in addition 15 per cent on the amount of said cost to remunerate plaintiff for his services in superintending and managing said work, then and in that event you will be obliged to compute

the actual cost of said materials and work, and after the amount is determined you will add thereto 15 per cent on said cost of materials and labor, and after allowing all credits to which defendant is entitled, render your verdict accordingly. If the amount of estimated cost of materials and labor and the 15 per cent exceeds the payments made by defendant, you will find a verdict for plaintiff for said excess.

"5. If, however, you find the payments made by defendant exceed the amount of said costs of material and labor and the 15 per cent, then you will find for the defendant the amount so overpaid. So, also, if you believe from the evidence that there was a contract made between the plaintiff and the defendant for the plumbing and gas fitting, and in said contract the plaintiff agreed and guaranteed that the cost of the plumbing and gas fitting of the building should not exceed the sum of $2600, then the plaintiff can not recover for said work and material more than the $2600.

"6. If you believe from the evidence that the steam heating apparatus was put up by contract and that the contract price was $2975 and $64 for extra work, the plaintiff can not recover for that work more than the contract price."

The fourth, fifth, and sixth paragraphs of the charge are complained of as error. But we think the fourth very correctly instructs the jury how to state the account and estimate the amount and character of the verdict in the event they found there was no limit as to the cost of the plumbing and gas fitting; and in the fifth the jury are properly directed that if the plaintiff guaranteed that that work should not cost exceeding $2600 he could not charge more than that amount. The use of the words "can not recover more than $2600" did not accurately express the thought, but we think they could not have been misunderstood. That the jury were not misled by them is shown conclusively by the fact that they returned a verdict for less than $2600. The same remarks apply to the sixth paragraph. The instruction asked by defendant upon the same points was correct, but was, we think, unnecessary.

The plaintiff claimed in his petition $1000 extra damages for the breach of the contract by the defendant. There were no allegations or evidence to warrant such a recovery, and no attempt on the trial, so far as we can see from the record, on part of the plaintiff to obtain a verdict for any consequential damages. Yet the appellant complains that the court erred in not instructing the jury not to give a verdict for such damages. Such an instruction was not asked. A mere failure to instruct without a request is not error. There is not a word in the charge of the court from which the jury could have inferred that such a recovery was allowable.

It is also complained that the verdict of the jury should have been set aside, because, as alleged, it was not warranted by the evidence, and because it is such in amount as was not justified by any theory of the case.

There was ample evidence to sustain the verdict.    Because there was other evidence in conflict with it, though the latter might seem to us to be entitled to the greater weight, does not authorize us to hold that it was error to refuse to set the verdict aside.    There was testimony to sustain a finding either for a greater or a less amount; but we think also the verdict for the amount found was amply sustained by the evidence.    The jury probably found for the plaintiff upon the main issues, but against him as to the prices charged and as to some of the credits claimed.    But even if the finding had been a compromise verdict, as it is called, that would have been no reason for setting it aside if there was evidence to sustain a finding for a larger amount.

The case was one peculiarly within the province of the jury, and there being no error in the rulings of the court, the judgment is affirmed.

*Affirmed.*

Delivered February 3, 1891.