CORBIN v. CORBIN.[†]

(Court of Civil Appeals of Texas. March 25, 1911. Rehearing Denied April 15, 1911.)

WORK AND LABOR (§ 24*)—PLEADING—VARIANCE.

Where an answer alleged that defendant rendered certain services for plaintiff, that the price agreed on was $20 per month, and that the services were reasonably worth said price, and defendant testified that he had an understanding with plaintiff that the latter should pay him reasonable wages, and that on asking him what he thought the services ought to be worth plaintiff said he thought $15 or $20 would be a reasonable price, etc., there was no such variance as warranted the exclusion of the evidence.

[Ed. Note.—For other cases, see Work and Labor, Dec. Dig. § 24.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by John N. Corbin against Thomas B. Corbin, individually and as executor, etc. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Whitehurst & Whitehurst, for appellant. Geo. H. Plowman and M. M. Plowman, for appellee.

TALBOT, J. This suit was instituted on June 20, 1908, in the district court of Dallas county, Tex., by John N. Corbin against Thomas B. Corbin, as independent executor of Reuben Corbin, deceased, and against Thomas B. Corbin, individually, to recover $600 and interest, and for partition of the community lands of the said Reuben and Lillie Elizabeth Corbin in Dallas county, Tex., and which lands had been bequeathed to Thomas B. Corbin by Reuben Corbin, deceased. The petition alleged, among other things, that Thomas B. Corbin was indicted by the grand jury of Dallas county for murder; that Reuben Corbin, the father of John and Thomas Corbin, was desirous of procuring the services of Robert B. Allen, an attorney, in the defense of the said Thomas B. Corbin on said charge of murder; that the said Reuben Corbin did not have the money to pay the fee of $600 demanded by the said Robert B. Allen, but did own about 35 acres of land in Dallas county, Tex., which was the homestead of the said Reuben Corbin and his wife; that the said John Corbin also owned certain land in Dallas county, Tex., which was the homestead of the said John Corbin and wife; that it was agreed between the said Reuben Corbin and John Corbin that the said John Corbin and wife would deed to the said Robert B. Allen 35 acres of the land owned as aforesaid by the said John N. Corbin and his wife, which the said Allen agreed to accept as a part of his said fee of $600; that the said Reuben Corbin in consideration thereof agreed that he would pay said John Corbin for said land to be deeded to the said Allen out of the lands of said Reuben Corbin and would so provide in his will at his death; that the said John Corbin did convey the land as aforesaid to the said Robert B. Allen, and that said Robert B. Allen performed the legal services as agreed, in consequence of which the said Thomas Corbin was liberated from jail; that the said Reuben Corbin thereafter about the month of April, 1908, died and left a will, but did not in said will provide for the payment to said John Corbin the said $600 out of the lands of the said Reuben Corbin, as he had agreed to do, but that the first item of said will provided that all of the just debts of the said Reuben Corbin be paid, and that the balance and remainder of his estate was devised and bequeathed to his son, Thomas B. Corbin, the defendant herein. The petition further alleged that plaintiff has never been paid said sum of $600, and prays that the same be established as a debt against the estate of the said Reuben Corbin, and that it be decreed that a lien to secure the payment of said debt exists on said land of the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error dismissed by Supreme Court.

deceased Reuben Corbin, for a judgment foreclosing said lien, that said property be ordered sold, and the proceeds thereof applied to payment of said $600. The defendant Thomas B. Corbin pleaded that the money value of $600 paid in land by said John Corbin to Robert B. Allen was a loan to him by said John Corbin, and, further, that under an agreement with John Corbin he had fully paid John Corbin said $600 by various payments of money, and with certain services rendered by the said Thomas B. Corbin at the instance and request of the said John Corbin extending over a period of years, and by the sale and delivery to said John Corbin of certain personal property, which had fully paid off and discharged said sum of $600. Defendant also pleaded that Reuben Corbin during his lifetime had fully paid off, discharged, and satisfied the said sum of $600 to the said John Corbin. The case was tried before a jury, and resulted in a verdict and judgment in favor of the plaintiff, and the defendant appealed.

The first assignment of error complains of the following paragraph of the court's charge: "You are instructed to disregard and not consider any testimony in the record touching the alleged employment of said Tom Corbin by John N. Corbin at $20 per month, which alleged services aggregated $240. Don't consider same in passing upon this case." The record does not disclose the court's reason for the giving of this charge, but the appellee contends, in effect, that so much of the defendant's plea of payment as set up certain services rendered the plaintiff by defendant from October, 1901, to November, 1902, for which it was agreed that defendant was to receive $20 a month to be credited on the debt sued on, asserted a contract of employment for services to be rendered at a certain and definite sum per month, and that the evidence offered in support of this plea failed to show such a contract, but a contract by which the defendant was to receive for his services what such services were reasonably worth, and the defendant was not entitled "to recover upon proof of a quantum meruit." We do not agree to this view of the defendant's pleadings and evidence. The plea referred to is in the following language: "The defendant, Thomas B. Corbin, further says that as a further consideration and as a payment of the consideration of the conveyance of the property from plaintiff to the said R. B. Allen that the defendant, Thomas B. Corbin, began working for plaintiff and labored for and on his behalf, which was received and accepted by plaintiff at plaintiff's instance and request, a period of time beginning on or about October 15, 1901, up to and including October 15, 1902; that said services were received by plaintiff and accepted by him as a part of the consideration of the conveyance of the property from the said John N. Corbin to the said R. B. Allen; that said services consisted of daily manual labor in preparing and cultivating the crops of corn, cotton, vegetables, and products raised upon the farm and in gathering the crops raised on said place, and the said price agreed upon by and between plaintiff and defendant was the sum of $20 per month; that said services were reasonably worth said price, so agreed upon, aggregating a sum in the total of $240." In support of these allegations the defendant testified: "After I got out of jail, I went to my brother's the next morning, and worked and stayed there. A few days after I got out, I did not work, but on Monday morning I went to picking cotton for my board. I helped him gather his crop that fall. I went to work some time close to the 15th of October, 1901, and picked cotton up until it was gathered, and then I chopped wood in the winter, and following up to the time for commencing a crop and took a team and listed up the ground, about 30 acres of land for John, and cut up what he had rented from Bob Allen for my father. My brother was in bed sick a big part of that time, in the winter, while I was plowing, and I continued to work all the rest of the year until I left the place in 1902. After I began in October, 1901, I had an understanding with my brother that he was to pay me reasonable wages for my work. I had gone for about a month or so, and I asked him one day what he thought it ought to be worth, and he said he thought $15 or $20 would be a reasonable price, and our agreement was that the profits of my labor and the sale of that mule should go on my lawyer's fee—to go to pay Bob Allen." There was no such variance here between the pleading and the evidence as to warrant the exclusion of the evidence, and the giving of the charge in question constituted material error, for which the judgment must be reversed.

There was no error in refusing the charge made the basis of appellant's second assignment of error, and the question presented in the fourth assignment is not likely to arise upon another trial. The rule governing that question, however, will be found in Mavrick v. Maury, 79 Tex. 435, 15 S. W. 686.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.