## CARTER v. CARTER.

No. 14237.

Court of Civil Appeals of Texas. Fort Worth.

May 9, 1941.

Rehearing Denied June 13, 1941.

F. V. Hinson, of Graham, and R. A. Stuart and Wm. R. Watkins, both of Fort Worth, for appellant.

Fred T. Arnold, of Graham, for appellee.

McDONALD, Chief Justice.

Defendant has appealed from a judgment of the trial court granting a divorce to the plaintiff.

The jury, in answer to special issues, found defendant guilty of cruelty; and also answered, in the affirmative, an issue reading as follows: "Special Issue No. Four: Do you find the misconduct of the plaintiff, if any, toward defendant was reasonably calculated to have provoked defendant's misconduct, if you should find any misconduct on the part of defendant?"

This was the only issue submitted on the question of recrimination.

Plaintiff filed a motion for judgment notwithstanding the issue just quoted and the answer of the jury to it, and the court rendered judgment granting the divorce notwithstanding said issue, finding that there was not sufficient testimony to support the affirmative answer of the jury to said issue.

Appellant, defendant below, bases his appeal upon three propositions. The first is that the evidence does not, as required by Art. 4632, Revised Civil Statutes, clearly and satisfactorily show that plaintiff is entitled to a divorce but that, on the contrary, it shows conclusively that "the plaintiff's own conduct caused all the trouble between the parties". The second is that the trial court had no authority to set aside the answer of the jury to the fourth issue and grant plaintiff a divorce. The third is that the court had no authority to order a division of the property of the parties because plaintiff was not entitled to a divorce.

■ We have carefully examined all of the testimony, and have compared it with the statements of facts contained in the opinions cited to us by appellant. We consider that the evidence is sufficient to support the verdict and the judgment of the trial court, finding cruelty on the part of defendant.

■ We have also reviewed carefully the action of the court in rendering judgment notwithstanding the answer of the jury to the fourth issue. The rules with respect to recrimination, as a defense to an action for divorce, are well stated in 15 Tex.Jur. pp. 493 to 498; 19 Corpus Juris,

page 78; and 9 R.C.L. pp. 387 to 392. In the Corpus Juris citation, it is said: "The misconduct of complainant need not be of equal degree with that of defendant, but it must be of the same general character and such as was reasonably calculated to provoke defendant's misconduct."

In the Texas Jurisprudence citation it is said: "In order to defeat the right to a divorce the plaintiff's misconduct, so it has been said, must have been of the same general character as the misconduct of the defendant. The defense of recrimination has application, therefore, only to acts of a similar character and degree alleged by the plaintiff as grounds for divorce, and not to other charges in the petition."

In Staples v. Staples, Tex.Civ.App., 136 S.W. 120, will be found a lengthy discussion of the subject of recrimination, citing the controlling Texas decisions, including that of Trigg v Trigg, Tex.Sup., 18 S.W. 313, 316, in which latter case it is said: "The facts in this case do not make it one to which the doctrine of recrimination properly applies. There were no acts of a like character with those for which the divorce was sought shown to have been committed by plaintiff. The fact that her conduct may not have been blameless is not sufficient to preclude her from a recovery."

In the Staples case [136 S.W. 122], the court says: "We think the defense of recrimination did not apply to any ground upon which the divorce was sought except in so far as similar acts of misconduct on the part of the plaintiff were alleged."

■ Tested by the rules laid down by these authorities, it will be seen that the fourth issue does not contain the elements required to establish the defense of recrimination. For instance, no inquiry is made as to whether the misconduct of plaintiff was of a similar character and degree to that of defendant. The verdict of the jury, in answer to the fourth issue, is therefore insufficient to preclude the plaintiff's right of recovery, whether supported by the testimony or not.

■ But we have examined the testimony, and are of opinion that the trial court was correct, in rendering judgment non obstante veredicto, in finding that the testimony was insufficient to support the answer to issue No. 4.

The judgment of the trial court is affirmed.

886

On Motions for Rehearing and
to Retax Costs.

Appellant has filed a motion for rehearing, and also a motion to retax costs.

The motion for rehearing is overruled.

The motion to retax costs complains of three items, which will be discussed in order.

The first item is composed of certain costs, totaling $1.05, charged by the district clerk. Complaint of this should be by motion to retax costs filed in the district court. See Heard v. Conly, Tex.Civ. App., 50 S.W. 1047, and 11 Tex.Jur., pp. 314 to 330.

The second is an allowance of a fee of $75 to an auditor appointed by the court. No complaint of this having been made in the motion for new trial or in appellant's brief, but having been raised for the first time and only in the motion to retax costs, filed in this court, the contention is overruled.

The third is an allowance of $700 made by the trial court to Mrs. Carter, the plaintiff, as compensation for managing a restaurant owned by the parties during a portion of the time the suit was pending, and ordered by the trial court to be taxed as costs. This allowance was made by order of the trial court dated October—, 1940, shown by the transcript to have been filed by the district clerk on October 24th, 1940. The order overruling the motion for new trial was made on September 5th, 1940, several weeks prior to the allowance of the $700 just mentioned. The first appeal bond was filed on September 26th, 1940, and later a new appeal bond was filed in this court, by reason of certain matters relating to defects in the first bond, which are not necessary to relate here. It is thus seen that the allowance of the $700 was made after the date of the judgment appealed from, and after the date the appeal was perfected.

As is said in Davis v. Thomas, 5 Tex. 389, Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946, and Brown County Life Ins. Co. v. Hagins, Tex.Civ. App., 110 S.W.2d 1162, the appellate court, when a judgment is brought before it for revision, cannot pass upon any irregularity which may have occurred subsequent to the judgment appealed from, excepting matters affecting the jurisdiction of the appellate court. At any rate, we cannot pass upon the allowance of the $700 when it is presented to us only by the said motion to retax costs.

But we do have authority to render judgment here for only such of the costs of the trial court as accrued up to and including the date of the filing of the first appeal bond; so our judgment heretofore rendered is revised to the extent that appellant and the surety on his appeal bond filed in this court shall be liable only for the costs accruing in the trial court up to the time when the first appeal bond was filed, and for the costs of this appeal.

Since the matter is not before us, we do not pass upon the validity of the order making the $700 allowance.

Motion to retax costs overruled in part, granted in part.