## C. W. GILL v. A. A. BICKEL.
### No. 788.

1. **Arbitration Agreement—Sufficiency of Award.**—An agreement to arbitrate submitted as the matters in controversy the accounts for labor and materials furnished and for moneys paid by the respective parties under a certain contract, and also claims of damage by each party for alleged failures to comply with the contract, and the arbitrators were to determine, after considering the matters so submitted, what amount was due to the one or the other party.   The award recited, that "we, * * * being appointed arbitrators to decide as to the justness of the accounts in dispute between G. and B., find, after careful examination of the claims, that G. is indebted to B. in "—a specified sum.   *Held*, that the objection that the award failed to dispose of the controversy as to the claims of the parties for damages was not well taken.

2. **Same—Partnership Arbitration—Award to One Partner.**—In an arbitration upon matters growing out of a contract made with the firm of B. & W., and wherein B. alone had completed the work and was urging final payment, the arbitrators were to determine what amount, if any, was due "to said firm of B. & W. or to B." *Held*, that an award for so much due to B. was, prima facie at least, a disposition of the claim of the firm of B. & W., and was not therefore void on its face.

3. **Parties—Incoming Partner.**—One who enters a firm as partner after the making of a given contract by the firm, is not a necessary party to a suit on that contract between the firm and the person with whom it was made.

4. **Partnership—Release by One Partner.**—Where such incoming partner, after the matters in controversy on such contract have been submitted to arbitration by and on behalf alone of the other partners, executes a release of the claim of the firm to the subject matter in controversy to the adverse party, who knows of his relation to the partnership and consequent want of authority, such release is of no avail.

5. **Same.**—Nor will the fact that such incoming partner is to have a small profit in the contract give any further effect to his release than that of passing his own interest.

ON REHEARING.

**6. Verdict—Partnership Matter.**—In a suit by the firm of B. & W. as plaintiff, the verdict was in favor of the firm, " for the use of B." *Held*, that there was nothing in the form of the verdict of which the defendant in the suit could complain.

APPEAL from Galveston.    Tried below before Hon. W. H. STEWART.

*Harris & Harris*, for appellant.—1.   An award to be valid must conform to the terms of the agreement and submission to arbitration, and must determine the matters submitted to the arbitrators in accordance with said agreement and submission to arbitration.   Owens v. Withee, 3 Texas, 161; Stephenson v. Price, 30 Texas, 715; Mitchell v. Love, 39 Texas, 349; Fortune v. Killebrew, 23 S. W. Rep. (Texas), 976; Morse on Arbitration, pp. 352, 385; 2 Chitty on Prac., p. 105; Pars. Laws of Business, p. 251, et seq.; 1 Am. and Eng. Encyc. of Law, 693.

2.   All the partners of a firm must join in an action upon a contract made with the firm or to recover a debt due the firm.   Speake v. Prewitt, 6 Texas, 252; Jackson v. Alexander, 8 Texas, 109; Garrett v. Muller, 37 Texas, 589.

3.   One partner has power to release a debt or claim due to the partnership of which he is a member.   The adjustment or settlement of any claim held by or against the partnership is within the power of any member of the firm, and the action of Bainbridge, in its exercise, must be held binding on plaintiff unless the act was fraudulent, and so known to be by the appellant at the time the settlement was made. 3 Kent's Com., *p. 48, et seq.; 17 Am. and Eng. Encyc. of Law, 998, 1001, 1002, 1038, 1138, 1039, 1140, 1247, and note, "release by one partner;" Stout v. Bank, 69 Texas, 384.

4.   Notwithstanding dissolution, a partner has implied authority to bind the firm so far as may be necessary to settle and liquidate existing demands, and to complete transactions begun but unfinished at the time of the dissolution.   Stout v. Bank, 69 Texas, 384; Weir Co. v. Evans, 24 S. W. Rep. (Texas), 38; Lindl. on Part., *pp. 218, 219, et seq.

*Austin & Rose*, for appellee.—1.   Bainbridge, being subsequently admitted partner, could not bind Bickel & Wellman by the release.   2 Coll. on Part., secs. 529, 678; Barb. on Parties, 1884 ed., pp. 48, 123, *pp. 35, 82.

2.   Bainbridge's authority being limited, and Gill being advised of such limitation, he is bound thereby.   Stout v. Bank, 69 Texas, 391; Story on Part., secs. 128, 130, 131; 1 Coll. on Part., sec. 411, pp. 635, 636; Big. on Fraud, 1877 ed., pp. 372, 373; 17 Am. and Eng. Encyc. of Law, 995–997; 1 Lindl. on Part., *p. 135; Pars. on Part., 1878 ed., pp. 419, 420, *pp. 387, 388.

3.   The award conformed to the terms of the arbitration agreement, and disposed of all the parties thereto, and was valid and binding, as every reasonable intendment will be entertained in favor of an award;

and the evidence, which was admitted without objection, showed that the arbitrators fully and fairly considered, investigated, and determined all matters submitted to them by the arbitration agreement, and that the award was in full settlement of all matters in dispute between appellant and the firm of Bickel & Wellman and A. A. Bickel. Green v. Franklin, 1 Texas, 500, 501; Forshey v. Railway, 16 Texas, 531, 532; Myers v. Easterwood, 60 Texas, 110; Morse on Arbitration and Award, pp. 434, 437, 439, 446, 447; 1 Am. and Eng. Encyc. of Law, 696, and notes.

4. As only A. A. Bickel and Hiram Wellman composed the firm of Bickel & Wellman at the time of the execution of the building contract, out of which this controversy arose, and as Bainbridge's relation to said firm as a silent partner was subsequently created, and as Bainbridge had prior to the institution of this suit disposed of all his interest in the indebtedness sued for to appellant, Bainbridge was neither a necessary nor a proper party to this suit. 2 Coll. on Part., secs. 529, 678; Barb. on Parties, 1884 ed., pp. 48, 123, *pp. 35, 82.

WILLIAMS, Associate Justice.—Appellee sued appellant for a balance alleged to be due upon a building contract, by which appellant employed the firm of Bickel & Wellman, of which appellee was a member, to perform for appellant the brick work of a house in the city of Galveston.

The petition alleged, that the contract was made July 9, 1892, by which Bickel & Wellman agreed to perform the brick work, and by which Gill agreed to pay them the sum of $3144; that after the work was partially completed, Wellman, plaintiff's copartner, received from defendant on account of the contract a sum largely in excess of any to which he was entitled under the contract, and with it fled the country; that he was still beyond the limits of the State, and that his residence was unknown; that the firm was, upon the happening of these facts, dissolved, and that plaintiff on his own account completed the work for defendant in accordance with the contract; that after the completion of the work a controversy arose between plaintiff and defendant as to the amount due plaintiff for the work, and at defendant's instance they agreed in writing to submit their differences to arbitration, and defendant agreed to pay to plaintiff whatever sum the arbitrators should find to be due; that three arbitrators were named in the agreement, and the matters in dispute were submitted to them, and that after duly considering same they agreed upon and stated their award in writing, which was a full adjustment of all matters submitted, and by which they found to be due to plaintiff the sum of $1231.06, which was greatly less than the amount to which plaintiff was actually entitled. The agreement to submit to arbitration and the award were attached to the petition, and so far as necessary to the decision, their terms will be stated further on. A mechanic's lien upon the property was also set up. It was further alleged, that both plaintiff

and defendant had ratified the award, plaintiff agreeing to accept, and defendant to pay, the amount awarded. Plaintiff further declared upon the original contract, and alleged the doing of extra labor not called for therein, and claimed a balance of $1340.26 was due, for which judgment was asked in case the award should not be upheld. By his original answer defendant excepted to the petition, on the ground that the award was void upon its face, because it did not conform to the agreement of submission, in that it failed to determine defendant's claim for damages, and in that it failed to dispose of all of the parties to the contract of submission, stating only an alleged indebtedness to A. A. Bickel, and failing to dispose of the claims or rights of Bickel & Wellman.

As defenses, the answer pleaded:

1. A release of the cause of action set up by plaintiff, made October 13, 1893, by John W. Bainbridge, alleged to have been an equal copartner of the firm of Bickel & Wellman.

2. Special denial of any indebtedness to or dealing with plaintiff individually, and of any dissolution of the partnership, with further allegations, that all transactions were with the firm of Bickel & Wellman, and that such firm, prior to July 30, 1892, was composed of plaintiff and Hiram Wellman, and after said date, and still was composed of those persons and John W. Bainbridge.

3. A plea setting up the terms of the building contract, alleging violations of it and failure to comply with its specifications in many particulars by the builders, and claiming in reconvention several items of damage as resulting to defendant, which were specifically stated. This plea also charged gross misconduct and partiality in the arbitrators in refusing to consider or investigate defendant's claims, though the same were presented to them in writing; and in finding an indebtedness to Bickel individually, when defendant owed him nothing, and when no claim of his was presented to them.

It was further alleged, that defendant did not agree to arbitrate with Bickel individually, but only with him as one of the partners; that the agreement was drawn by Bickel's attorney, defendant being unrepresented by counsel, and was led to believe that he was contracting to arbitrate with the firm of Bickel & Wellman alone.

To the plea setting up the release of Bainbridge, plaintiff replied that Bainbridge was admitted into the partnership after the building contract was executed, as a silent partner, without authority to collect or expend any money, and had no authority to execute the release, of which defendant had knowledge; and that the release was obtained without consideration, and for the purpose of defrauding plaintiff; that both Wellman and Bainbridge abandoned the work about October 3, 1892, and the partnership was dissolved; or if not then, was so dissolved November 11, 1892, when the work upon the building, for the doing of which alone a partnership existed, was completed.

To the plea attacking the award plaintiff replied, denying the facts alleged, and averred that defendant, subsequent to its return, had, in order to secure an extension of time for payment, ratified it and promised to pay the sum awarded, thereby securing the indulgence. Many facts were also alleged concerning the claim of defendant for damages, which it is unnecessary to state.

There was a prayer, in case plaintiff be not entitled to recover for his own use and benefit, that he recover for the use and benefit of the partnership.

The defendant excepted to the allegations concerning the abandonment by Wellman of the work as not affecting his rights. He also excepted to the allegations concerning Bainbridge's authority to make the release, and as to the completion of the contract by plaintiff, as irrelevant to the controversy. Defendant also denied that he had ever promised to pay plaintiff individually the amount of the award; but that, misled by plaintiff and his attorneys as to the facts then existing, he promised to pay to Bickel & Wellman, through their attorneys, the amount awarded, upon the giving of a release of the mechanic's lien; that he was ignorant, without fault or laches on his part, of the facts previously alleged by him invalidating the award; that the gross errors and mistakes of the arbitrators were not, when he promised to pay the award, known to him, but were known to plaintiff and his attorneys, in whom he was placing confidence, and were concealed from him; and that after he learned the facts he refused to abide by the award.

February 19, 1894, the exceptions to plaintiff's pleadings were overruled. March 22, 1894, plaintiff and Hiram Wellman filed a joint pleading making themselves parties as partners, and adopted the pleadings previously filed by Bickel, and asked that, if Bickel was not entitled to recover individually, plaintiffs be allowed to recover the indebtedness sued for.

The case was tried before a jury, and evidence was heard upon all of the issues made by the pleadings. The testimony as to the right of defendant to damages from faulty work and delay in the completion of the building was conflicting, there being evidence which would have warranted a conclusion that in these and other particulars he sustained damage to a large amount, which had not been allowed him by the arbitrators. On the other hand, the plaintiff adduced evidence sufficient, if credited, to show that the work was performed substantially according to contract, and that whatever delay there was in completing the work resulted from defendant's own fault, which caused damage to plaintiff. There was also evidence tending to show gross partiality and misconduct on the part of the arbitrators, and a refusal by them to consider defendant's claim for damages, or to hear any evidence to its support. This was, however, met by testimony tending to show the contrary, so that the jury on these issues could have found in favor of either party consistently with the testimony.

The evidence, however, further showed, without contradiction, that defendant, after the award was returned, though protesting against its justice, on May 26, 1893, promised to pay it by June 1, 1893, and gained indulgence until that time, and that he then secured a further extension until June 15th, promising to pay at that time. He knew when he made these promises the facts alleged to invalidate the award, but did not know their legal effect. He testified, that when he objected to the award, plaintiff's attorney told him it was legally binding on him and he would have to pay it, and that his promise to pay was made for this reason. This was denied by the attorney. The release from Bainbridge, when offered in evidence, was admitted by the court as only entitling defendant to a credit for any interest Bainbridge may have had in money due for the work; and evidence was admitted, without objection, tending to show that Bainbridge had no such interest. The charge also restricted the operation of the release as just stated. The release purported to be an acquittance in the name of the firm, acting through Bainbridge, in consideration of the payment of $150, of the whole claim, reciting that defendant had sustained damages to the amount of $1190.25, through fault of the firm in erecting the building, and acknowledging that $150 was all that remained due. Of the $150, Gill paid Bainbridge $25 when the release was executed, and subsequently paid $9, and the balance remains unpaid.

The charge made the award binding only in case the jury found that the arbitrators heard the statements and evidence of the parties, "and investigated maturely the matters submitted to them and acted without partiality or prejudice, and made their award according to their best judgment, and that the award was just and fair and without fraud or gross mistake, and that after the award was made, Gill promised Bickel and his attorney to pay the same, and asked a few days' delay in payment."

The court also submitted the question as to damages made by the pleadings as fully as the parties claimed. The jury returned a verdict, in accordance with the form given in the charge, in favor of Bickel & Wellman for the sole use of A. A. Bickel for $1261.83, which is about the amount of the award with interest added. The charge authorized the recovery of 6 per cent interest on the award from its date, if it was found valid.

Under his third assignment, appellant claims that the award set up in the petition was upon its face void, and that the court should have sustained his exception to the part of the petition setting it up. The agreement to arbitrate, executed May 20, 1893, recites, that it is made between Charles W. Gill of one part, and A. A. Bickel of the second part, acting for himself and for the firm of Bickel & Wellman; that a controversy exists as to what amount is due by Gill to "said firm of Bickel & Wellman, or to Bickel," for the work in question, and that the parties have agreed to submit the "matters in controversy" to ar-arbitration. Clause 2 provides, that the arbitrators shall "consider,

investigate, and determine'' what amount, if any, is due to ''Bickel &
Wellman or to said Bickel for the services rendered, or for extra labor
or material, or for damages from failure of Gill to make payments when
same were due to the firm or Bickel; that the arbitrators should also
consider whether or not the firm or Bickel failed to complete the brick
work within the time stipulated without fault on Gill's part, and if so,
what damages, if any, Gill sustained from such failure; and whether
or not the firm or Bickel failed to comply with the specifications, and
if so, the damages sustained by Gill therefrom.''    The third clause pro-
vided, that ''after considering the matters so submitted to them, the
arbitrators shall determine what amount of money, if any, is so due to
the said firm of Bickel & Wellman, or to the said Bickel, by the party
of the first part, which award of the arbitrators shall be indorsed on
the back of this contract, or a copy thereof.''    The fourth clause stip-
ulates that Gill will immediately pay to A. A. Bickel any sum which
the arbitrators may find due to Bickel & Wellman or to Bickel; and
that he will abide by and immediately carry out the award; and Bickel
makes a like stipulation.

The award indorsed on the back of this agreement is as follows:
''We, the undersigned, being appointed arbitrators to decide as to the
justness of the accounts in dispute between C. W. Gill and A. A.
Bickel, find after a careful examination of the same that the said C.
W. Gill is indebted to the said A. A. Bickel in the sum of twelve hun-
dred and thirty-one dollars and six cents ($1231.06).''

It is urged that the award fails to dispose of the controversy as to
the claims of the parties for damages.    It is to be observed that the
agreement does not require a statement in the award of the conclu-
sions of the arbitrators upon the subject of damages.    They are only
required, after having considered those claims, to determine and state
the sum found due the contractors.    The intention evidently was that
the mutual claims for damages should be examined, the sums allowed
set off against each other, and the balance ascertained and stated.
The award involved a disposition of all those matters which, under
the agreement, were to be considered in reaching it.

The award is in favor of Bickel, and it is claimed that it does not
conform to the agreement, in that it fails to dispose of the claims of
Bickel & Wellman.    But the claims of Bickel & Wellman, and Bickel,
in this controversy, were one and the same.    The question was, what
remained due upon the building contract, which Bickel claimed had
been partly performed by the firm and partly by himself individually.
Whatever balance was found due, Bickel claimed the right to collect
and control.    Whether he or the firm was thus entitled was not sub-
mitted to the arbitrators, nor was it intended that they should pass
upon it; for the agreement expressly stipulates that any sum, whether
due the firm or to Bickel, should be paid to him.    He is treated as
representing the rights of both the firm and himself, and the thing to
be done by the arbitrators is to adjust the counter claims of the two

parties to the contract, Bickel & Wellman, or Bickel, on one side, and Gill on the other. The rights of Bickel as against the firm were not to be the subject of inquiry. Consequently, when the arbitrators found a sum due to Bickel, they decided the issues submitted. Even if it had been contemplated that the arbitrators should separately determine whether or not the firm was entitled to anything, it does not follow, we think, that the award would be void on its face. It is only a sum found owing that is to be stated, and when the arbitrators state that they find a sum due Bickel, this might well be treated as an award that nothing was due the firm, if that question were before them. But inasmuch as any sum, whether awarded to the firm or to Bickel, was to be paid at once to him, it seems to us that an award of an amount due to either would be, at least prima facie, a disposition of the whole matter submitted. It follows, that the court did not err in overruling the exception, nor in refusing a special instruction declaring the award to be void on its face.

The ruling upon the exceptions to those parts of plaintiff's petition which set up the abandonment by Wellman of the contract and the dissolution of the partnership, it would seem, has been rendered immaterial by the bringing in of Wellman and his joinder in the prosecution of the action. We can conceive of no view of the case in which defendant was injured by that ruling. Nor are we prepared to hold that it was not competent for the plaintiff, under the circumstances disclosed by his pleading, to maintain a suit in equity to recover for his own protection whatever was due upon the completion of the contract, and, as essential to the proceeding, to set up the appropriation by Wellman of more than his share of the assets, and his flight, in order to explain his nonjoinder as plaintiff in the suit. A consideration of this question is rendered unnecessary by Wellman's coming into the case and joining in its prosecution. Bainbridge, having become a member of the firm after the contract was made, was not a party to it, and was not a necessary or proper party to the suit. Barb. on Parties, pp. 48, 123; 2 Coll. on Part., sec. 529, 678; Maverick v. Maury, 79 Texas, 439.

The first, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments all relate to the rulings of the court as to the effect of the release from Bainbridge, pleaded by defendant in bar of the action. We may dispose of them all at the same time by stating the view taken of that instrument. This release was executed on the 13th day of October, 1893, after the completion of the work and dissolution of partnership, and after the controversy between Bickel and Gill had arisen and had been arbitrated, and an award given, which, if binding, entitled Bickel, as between himself and Gill, to the payment of the money found due.

The contract by which Bainbridge was admitted into the firm of Bickel & Wellman provided that he was to be a silent partner, and that all business was to be conducted in the name of Bickel & Well-

man.   The plaintiff alleged, and the uncontradicted evidence showed, that before the work was completed Wellman abandoned the undertaking and fled with more than his share of the contract price, and that Bickel continued and completed the work, furnishing all of the labor, money, and material.   Bainbridge did nothing after Wellman left.   Not only did the award, in case it was upheld, bind defendant to pay to Bickel any sum remaining due, but the facts showed that, as between him and his partners, he was entitled to receive the same. The right to the money due from defendant, if any was due, was Bickel's right, and of all these facts Gill had knowledge.   He had arbitrated with Bickel; had promised to pay Bickel the amount found due, and had, before the release was executed, received notice from Bickel to pay to no one else.   As we have seen, Bainbridge, as a subsequently admitted partner, was not a necessary party to the suit for the money, and his release could not therefore operate as a technical bar to the suit, as at law the release of a partner ordinarily does to a suit in which he must join as plaintiff.   The only question therefore is, did Bainbridge have authority to defeat Bickel's rights by a release executed in the name of the partnership?   Persons known to be partners are to be presumed, in the absence of anything to the contrary, to have equal authority in conducting the partnership business.   One may execute a binding release as well as another, and this power, as to unfinished business of the firm, in the absence of restrictions imposed by their agreements, continues after dissolution.   Third persons may deal with a member upon the assumption of his equal power. But by the arrangement among themselves, limitations may be put upon the power of any partner which are binding not only upon him, but upon third persons dealing with such partner with knowledge of the restriction.   And such a restriction may be inferred from circumstances as well as created by express contract.   17 Am. and Eng. Encyc. of Law, 995, 996.

In the present instance, the situation of the parties and the character of the claim which was being asserted by Bickel were inconsistent with the existence of such a power as claimed in Bainbridge by a mere release, to discharge Gill from liability to Bickel.   Even if such a partner as Bainbridge was would ordinarily have power after dissolution to execute a release of a partnership claim in which he was interested, so as to bind the other partners, any implication of such power in this instance would be excluded by the circumstances and the attitude which the controversy had assumed; and as Gill knew all of the facts, he can not claim for Bainbridge any greater authority than he actually possessed.   If Gill owed anything, Bickel was entitled to it, and Bainbridge had no right to relinquish it.   Of this Gill had knowledge, and can not avail himself of Bainbridge's unauthorized act.

Under the award, unless it were set aside, Gill was bound to Bickel for the sum due, and this being so, Bainbridge could not give a valid acquittance.   And if the award were disregarded, still such amount as

might be found due under the contract was subject to Bickel's claims. A release by Bainbridge to Gill would necessarily operate as a fraud on Bickel, whether so intended or not, and this the law will not permit. If the question were whether or not the release was in fact made for the purpose of defrauding Bickel, it would have to be submitted to the jury. But as the necessary operation of this release, if effective, would be to defraud, no wrong was done by the ruling of the court.

We are therefore of the opinion that the court did not err in overruling the exceptions to plaintiff's allegations as to the character of Bainbridge's connection with the firm, and of the restrictions upon his authority, nor in limiting the effect of the release to a discharge of any interest Bainbridge may have had, nor in refusing the several special charges requested by defendant on that subject.

The form of verdict in favor of the firm of Bickel & Wellman for the use of Bickel does not prejudice appellant. Wellman is a party, and is bound, and if he and Bickel are satisfied with the verdict, there is nothing in its form of which appellant should complain.

Special charge number 4, to the effect that plaintiff could not recover individually, was properly refused. Unless the jury sustained appellant's attempt to set aside the award, plaintiff did have the right to recover upon that. But as Wellman was a party, we do not see how appellant could be prejudiced in any way, whether the recovery were in the name of the firm or in that of Bickel. No objection was urged to the introduction of evidence intended to show whether or not Bainbridge had an interest which was released to appellant, and its admission is not ground for reversal.

There being no error injurious to appellant, the judgment is affirmed.

*Affirmed.*

Delivered March 14, 1895.

### ON MOTION FOR REHEARING.

WILLIAMS, ASSOCIATE JUSTICE.—In our former statement of the case it is said that defendant, when he made the promises to pay the award, subsequent to its rendition, knew the facts alleged to invalidate it. This had reference to the presentation to the arbitrators of his claims for damages and their alleged refusal to consider them. There was evidence of conversations between the arbitrators, which are denied, however, by other evidence, tending to show gross partiality to plaintiff on the part of two of them. It is not shown that these were known to defendant when he made the promises referred to.

It is also stated in the opinion, that the right to any money due from defendant belonged to Bickel. This statement was made in view of the fact that Wellman had left with more than any share that he would have been entitled to, and that Bainbridge was admitted into the partnership after the contract was made. There is evidence that, if the amount claimed by Bickel should be collected from Gill, there

would be a small profit to divide between Bickel and Bainbridge, after repaying Bickel for his outlay in completing the contract. But that fact, we hold, would not invest Bainbridge with the power to cut off Bickel's right to recover the whole amount due from Gill. The court below, however, gave the release from Bainbridge the effect of passing to Gill whatever sum Bainbridge was entitled to receive out of the proceeds. With this additional statement, the motion is overruled.

*Overruled.*

Delivered April 13, 1895.