Saltmarsh v. Vandeveer.

SALTMARSH AND ANOTHER, V. C. H. VANDEVEER'S, ADM'RS.

Where the plaintiff, a tavern keeper, sued the proprietors of a line of stages upon two accounts, one composed of charges against himself of stage fare received, amounting to $152,50, and credits in his favor of cash paid over, leaving balance in his own favor of $3,50, and the other composed of charges for board of proprietors, agents, drivers, &c., with balance in his own favor of $216,50, and no evidence was offered as to first account, but the second account was proved, and the jury found for the plaintiff $213,50, it was held that the admissions of the first account could not be applied to the second, and the case was distinguished from Allen v. Brown, 11 Tex. R. 520, and the judgment affirmed.

See this case as to proof of an account for occasional board.

Appeal from Calhoun. Suit by the appellees against appellants, on account. The petition made exhibits of two accounts, one of which footed up with balance in favor of the plaintiff of $3,50 ; the other with balance in favor of the plaintiff, of $216,50. The defendants pleaded a general denial. The jury found for the plaintiff $213,50. No instructions nor exceptions. The facts were that the defendants were stage proprietors, and the plaintiff a tavern keeper at the Gulf end of the line, and the accounts consisted of charges for board of proprietors, agents, hostler and drivers. A witness for plaintiff testified that it was the custom of the proprietors of stage lines on that route to pay the board of their drivers ; that one item of the account B, (the second above described) to wit : "Mr Johnson's bill assumed," he knew to be correct ; that Beecher was the hostler and boarded at Mr. Vandeveer's Tavern, he had no doubt, sufficiently long to amount to the charge made in the account B, of $31,50 : besides this, witness knew nothing of the bill, except that Dr. Fretwell, one of the defendants, boarded with Mr. Vandeveer part of the years 1851

and 1852 ; (time of the charges ;) that he came down to Indianola every time the steamer came in and stopped at Mr. Vandeveer's ; that he stayed sometimes one or two days, when he came, and sometimes longer ; that the steamer came in once a week part of the time and at other times, once in five days ; that he had seen Col. Saltmarsh, the other defendant, at Mr. Vandeveer's once or twice, but not often ; that board was then worth about twenty dollars a month ; knows nothing further of the bill except that he saw some of the agents of the defendants at Vandeveer's at different times. Cross-examined, witness said it was not customary to charge the proprietors of the stage line for board ; that the consideration of this custom was the benefit conferred upon the tavern at which the stage stopped, by bringing passengers to the house ; that sometimes the stage agents were charged, and the custom was to charge for the drivers always ; that he knew of no special agreement between the parties.

Another witness for the plaintiff testified, that he boarded at Vandeveer's Hotel during the years 1851 and 1852 ; frequently saw Dr. Fretwell there ; saw him at his meals and supposed from seeing him there early and late, that he boarded there ; may have seen Saltmarsh there, cannot recollect ; was not acquainted with the agents or drivers, and cannot say as to them ; board was worth twenty dollars a month without lodging.

The above was all the testimony. The account B corresponded with the above testimony. The account A appeared to be an account of money received by Mr. Vandeveer for stage fare, and items of cash payments of same to the defendants.— There was no testimony as to this account. The cash admitted to have been received in it amounted to $152,50. The charges of cash paid over, to $156,00. Both accounts covered same period of time, and appeared to have been kept separate merely because one related to board and the other to stage fare.

Saltmarsh v. Vanderveer.

*Stockdale,* for appellant.

*Seawell* and *Baldwin,* for appellee.

WHEELER, J. The plaintiff exhibited two accounts; one a cash account, consisting of debits and credits; the other, an account for board, &c. Upon the former no evidence was offered by the plaintiff; and it is evident the jury did not include, in their verdict, the small balance claimed to be due upon that account. The evidence related solely to the latter; and that was the basis of the verdict. The accounts were distinct and independent. The admissions of payments, or the credits, upon the former were not intended, and cannot be held to apply to the latter. The former does not appear to have been before the jury. The trial and verdict were upon the latter: and the only question properly arising upon this appeal, is, whether the evidence was sufficient to warrant the jury in finding for the plaintiff, upon the second account. As to some of the principal items, there can be no doubt of the sufficiency of the evidence. But as to the residue, the evidence was circumstantial, and less certain than could be desired.— Yet, perhaps, it would be difficult, in most cases, to obtain more satisfactory evidence of an indebtedness thus created.— The rules of evidence are intended to be adapted to the ordi-· nary transactions of men; and are to be so applied, as, if practicable, to attain the ends of justice. It cannot be doubted that the evidence was admissible. It certainly conduced to establish the general correctness of the account: and we conclude there was not such insufficiency, or want of evidence, as to warrant this Court in reversing the judgment of the District Court refusing a new trial.

We are referred, on behalf of the appellant, to the case of Allen v. Brown, (11 Tex. R. 520) as an authority adverse to the decision of the Court in this case. And counsel for the appellee question the correctness of the principle, upon which

that case was decided. We do not concur in the view of the case, taken by counsel. We do not think that case adverse to the decision of the Court in this ; nor is it perceived that there is any conflict between it and the authorities quoted by counsel for the appellee.

The present, it is to be observed, is unlike the case of Allen v. Brown. That was a suit upon a single account, upon which there was a certain sum credited by the plaintiff. There was and could be no question that the sum credited was to be applied as a payment upon the account, and the only account, in litigation. Here, it is evident, the credits on the first account, though admissions by the plaintiff of its liquidation, in so far, are not admissions of the payment of any part of the second account. There is no connection between the accounts. They are distinct and independent. The only object of introducing into the petition the first account was to recover the small balance due. That was not recovered ; and the account might have been omitted altogether. It was not regarded upon the trial, and consequently is not under revision upon this appeal. The case is thus very clearly distinguishable from that of Allen v. Brown.

It is further to be observed, that that case was not, as assumed in argument on behalf of the appellee, a suit upon an account stated ; that is, an account balanced and rendered, with an assent by the debtor, or party of whom the balance is claimed, express or implied. Had it been such, or had the defendant pleaded, or claimed in his answer, the benefit of the payments, instead of relying upon a general denial, the judgment of the Court would doubtless have been different. It was a suit upon an open account; that is, an account not settled between the parties by either their tacit or express agreement. And the principal upon which it was decided was, that in a suit upon an open account, the merely giving of a credit or the admission of a payment upon it by the plaintiff, would not relieve him, under the general denial, from the necessity

of proving his account. The correctness of this principle will not be disputed. But it does not apply to the present case, for the reason, that the credits did not apply to the account on which the plaintiff recovered and that account was proved. The judgment is affirmed.

Judgment affirmed.