### M. L. BARTHOLOMEW ET AL. v. G. F. SHEPPERD.

Decided February 10, 1906.

**1.—Stated Account—Pleading.**

In a suit upon a stated account the defendant is entitled to a bill of particulars, and a special exception to a petition on the ground that the account is not itemized is as valid against a stated as an open account.

**2.—Same—Evidence.**

Evidence considered and held insufficient to prove a stated account.

Appeal from the County Court of Gregg County. Tried below before Hon. Edwin Lacy.

*Gaines B. Turner* and *Young & Stinchcomb,* for appellants.— Appellee having alleged the items of Jno. Stotts' Grocery account $28.75, and various other items in the aggregate, it was error on the part of the court to overrule the special exception, excepting to each and every one of the items as set out in the account for not being sufficiently itemized. Neyland v. Neyland, 19 Texas, 423, 62 S. W. Rep., 1081.

Appellee having alleged a settlement made November 16, 1903, resulting in a stated account, between himself and appellants, he should have proved the same and his evidence should have been confined on the issue of a settlement made about this date between himself and appellants and failing in proving a stated account or a settlement, it was error for the court to submit the cause to a jury and the court should have given a peremptory instruction. Neyland v. Neyland, 19 Texas, 423; Heidenheimer v. Ellis, 3 S. W. Rep., 666; Whittlesey v. Spofford, 47 Texas, 17; 1 Am. and Eng. Ency. Law, 437, div. 8; Id., 442 to 447.

There being no evidence in the record to show that appellee became the purchaser in good faith and for value of the sundry accounts set out as belonging to the various parties set out in plaintiff's petition, appellee could not have had a settlement which was merged into a stated account for the reason that such a settlement and stated account would not have been binding on the various parties that appellant owed, and it was therefore error on the part of the court to submit an issue of a stated account to the jury. Heidenheimer v. Ellis, 67 Texas, 427; Devine v. Martin, 15 Texas, 25; Minnis v. Schwartz, 37 Texas, 14; Smalley v. Taylor, 33 Texas, 670; Hays v. Samuels, 55 Texas, 561.

*John B. Howard,* for appellee.—It was not necessary for the plaintiff to allege anything other than his material grounds for recovery in this case. The court made no eror in overruling defendant's special exceptions. Neyland v. Neyland, 19 Texas, 423; Hays v. Samuels, 55 Texas, 562; Leverett v. Wherry, 15 S. W. Rep., 121; Whittlesey v. Spofford, 47 Texas, 17; Heidenheimer v. Ellis, 3 S. W. Rep., 666.

PLEASANTS, Associate Justice.—Appellee brought this suit to recover upon an alleged stated account against M. L. Bartholomew, Jno. Stotts and W. A. McWhorter, who are alleged in the petition to have been partners at the time the indebtedness sued on was incurred, and as such jointly and severally liable to plaintiff for the amount due upon said account.

The petition alleges, in substance, that prior to the 16th day of November, 1903, the defendants became indebted to plaintiff in the sum of $107.75, and to various other persons in the aggregate sum of $218.38, the several sums constituting said aggregate indebtedness being set out in an exhibit attached to the petition; that on said date the plaintiff was owner of all of said claims, having purchased said accounts for $218.38 from the persons to whom they were originally due; that defendants, having notice of plaintiff's purchase and knowing the amount due plaintiff and the amounts due upon the several accounts so purchased by him as aforesaid, promised and agreed on said 16th of November, 1903, to pay plaintiff said accounts as shown upon the exhibit before mentioned. The account as set out in the exhibit attached to the petition contains the following items:

"To amount due R. S. Holt for services and labor performed
    cutting piling and driving team.................$14.80
To Jno. Stotts' Grocery Account......................  28.75
To Jim Magrill Board Account rendered firm...........  60.75

The defendant Bartholomew answered by special exceptions and general denial and by special pleas, one of which was to the jurisdiction of the court, on the ground that the allegation in the petition that plaintiff was the owner by purchase of the claim originally due the several persons named in the petition was false, and was fraudulently made for the purpose of conferring jurisdiction upon the court.

The other special plea was a denial under oath of the alleged partnership between said defendant and his co-defendants.

The defendants Stotts and McWhorter also excepted generally and specifically to the petition and answered by general denial and special pleas, the nature of which it is unnecessary to state.

The trial in the court below was by a jury and resulted in a verdict and judgment in favor of plaintiff against all the defendants for the amount claimed by him. From this judgment the defendants below prosecute this appeal.

The evidence shows that Stotts and McWhorter were engaged as partners in the business of cutting and selling railroad ties, piling and bridge timbers near Rucker's Spur on the Texas & Pacific Railway in Gregg County, and while so engaged became indebted to plaintiff and to the various persons named in the petition for labor and supplies furnished them in carrying on said business.

Acording to the testimony of all of the defendants, Bartholomew was not interested in the business. He owned the growing timber out of which the ties, piling and bridge timber was manufactured by the other defendants, and sold it to them at the agreed price of 1½ cents per foot. Stotts and McWhorter had a contract with the railroad for the purchase of the manufactured timber. On the occasions when delivery was made to the railroad Bartholomew was present, and prior to such delivery paid the hands who had been employed to cut the timber. He testified that he advanced the money to pay for cutting the timber because the railroad would not receive it until all laborer's liens thereon had been discharged, and he was interested in the consummation of the sales to the railroad, because through such sales he collected the money due him by the other defendants as the purchase price of the standing timber. There is also evidence to the effect that some time after the claims upon which appellee sued became due Bartholomew promised that he and the other defendants would pay them. On his direct examination plaintiff testified that Bartholomew and McWhorter promised to pay the claims sued on, and that said defendants knew the amounts claimed by him. On cross examination he testified: "I never had a settlement with either Jno. Stotts, W. A. McWhorter, or M. L. Bartholomew as to each separate account. Neither one ever agreed to the amount of $60.75 due by Jim Magrill for board; nor either one of them agreed as to the exact amount of the following items in the accounts upon which I sued: Jim Stotts' grocery account, $28.75; one horse collar, $2; one cant-hook, $1.50; one pair of grabs, $2; one log chain, $3; money loaned to the firm, $6.35; S. H. Powell, 300 feet of lumber, $3; Harry Oxford, $7.08; Bozman, 96 cents; M. Price, $5.61; Clemmons & Benson, $15.42; Jim Orr, $21.11; Orr & Cabiness, $26.28; Roy Brazill, $21; Bozman & Bozman, $4.39; E. H. Smith, $3.46; Jeff Gardner, $15.97; Benson & Clemmons, $20.28; Hines Lowe, $3.29;

Hines Lowe, $15.75; Herschel Cabbiness, $10; Herschel Cabbiness, $4.50; Joe Davis, $7.73; R. L. Holt, $14.80; Harry Oxford, $18.49. We never agreed to these amounts separately. W. A. McWhorter said at various times that he would pay all that they owed. I know that they owe these amounts, and they promised to pay them. They just said they would pay all that they owed."

Only two or three of the accounts claimed to have been purchased by plaintiff are shown by the evidence to have been assigned to him. In regard to most of these claims there is no evidence as to the amounts due thereon, and no evidence showing or tending to show that plaintiff owned them.

It is unnecessary to consider the various assignments of error presented in appellant's brief categorically or in detail, and we shall only discuss the question raised which we regard as material.

It seems to be settled that in a suit upon a stated account the defendant is entitled to a bill of particulars, and a special exception to the petition on the ground that the account is not itemized is as valid against a stated as an open account. (Neyland v. Neyland, 19 Texas, 423.) Under this rule it is clear that the exception, urged by appellants to a portion of the account sued on by plaintiff, should have been sustained. The Holt, Stotts and Magrill claims before mentioned are not attempted to be itemized, and can not as against a special exception, be held a sufficient statement of account.

We think the evidence is insufficient to sustain the finding that any of the defendants agreed to pay the specific amounts claimed by plaintiff, or that they were indebted to plaintiff in said amounts. All that defendants ever promised or agreed to do was to pay whatever they owed, and they at no time admitted that they owed the specific amounts claimed by plaintiff in this suit.

The evidence fails to show the amount of defendants' indebtedness, and, as before stated, except as to two or three of the claims alleged to have been purchased by plaintiff, fails to show that plaintiff was the owner of the claims.

We also think the evidence insufficient to sustain the finding that Bartholomew was a partner of the other defendants. He might he held liable on his promise to pay the claims if any consideration had been shown for such promise, and the promise had been to pay the specific amounts claimed, but as we have stated this is not shown by the evidence.

His promise that all the debts of the firm should be paid, and the fact that he had uniformly paid for the labor employed to cut the timber, were not sufficient to raise the issue of whether he was a member of the firm, and that issue should not have been submitted to the jury. The uncontradicted evidence shows that he was not a partner and there is neither allegation nor proof upon which he could be held liable as such on the ground of estoppel.

We believe this disposes of all the material issues raised by the record, and the assignments presenting other questions are overruled.

For the reasons above indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*