### SCOFIELD v. LILIENTHAL et al. (No. 159.)

(Court of Civil Appeals of Texas. Waco. Jan. 29, 1925.)

1. Appeal and error ⬦282—Appellant causing notation of exception to judgment in entry thereof need not file motion for new trial to prosecute appeal or writ of error.

Party aggrieved by judgment in suit tried before court may cause exception to be noted in entry thereof and without further formality prosecute appeal or writ of error, procure review as to facts by having judge file conclusions of fact or filing regular statement of facts, or, if complaint on appeal relates solely to matters of law appearing on face of record, may prosecute appeal or writ of error on transcript of record alone, and need not file motion for new trial in either case.

2. Account stated ⬦5—"Account stated" presupposes acknowledgment that balance is correct and unpaid.

"Account stated" presupposes express or implied acknowledgment by debtor that amount or balance shown is correct and unpaid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Account Stated.]

3. Account stated ⬦18(1)—Account sued on held not shown to be account stated.

Account sued on *held* not shown to be stated account, in absence of allegation or proof tending to show that defendant admitted its correctness or impliedly assented thereto; allegation that he failed and refused to pay tending to show contrary.

4. Account, action on ⬦10—"Open account" defined; "account."

"Account" is used in Rev. St. art. 3712, as to "open accounts," in popular sense, and applies to sales, by which relation of debtor and creditor is created by general course of dealing, and account is "open" when there have been running or current dealings and expectation of further dealings, or even if single ar-

ticle be sold and delivered, if price or time of payment is uncertain.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Account; Open Account.]

**5. Account, action on ⊃10—Account sued on held open account, against each item of which limitations ran from time of delivery.**

Account, consisting of items of merchandise, for which plaintiff alleged that defendant promised to pay respective sums shown, *held* "open account," within Rev. St. art. 3712, allegation that account was due and payable on demand being mere conclusion, not inconsistent with article 5687.

Appeal from County Court, Hill County; W. L. Wray, Judge.

Action by Julius H. Lilienthal and another against Frank Scofield. Judgment for plaintiffs, and defendant appeals. Affirmed.

Frazier & Averitte, of Hillsboro, for appellant.

Wear, Wood & Wear, of Hillsboro, for appellees.

GALLAGHER, C. J. Appellees Julius H. Lilienthal and Chas. A. Lilienthal, composing the firm of Lilienthal Bros., sued appellant, Frank Scofield, in the county court to recover on a verified account amounting in the aggregate to $245.60. The trial was before the court. Judgment was rendered in favor of appellees against appellant for the amount sued for. The case is before us on appeal.

[1] Appellees ask us to refuse to consider appellant's propositions of law and the assignments of error on which the same are based, because no motion for a new trial was filed and no conclusions of law and fact appear in the record. The judgment rendered by the court was excepted to by appellant at the time it was rendered and such exception was incorporated in the entry of such judgment. Our Supreme Court has held that a party to a suit tried before the court deeming himself aggrieved by the judgment rendered therein may cause an exception thereto to be noted in the entry thereof, and, without further formality, prosecute an appeal or writ of error. He may have the action of the court complained of on such appeal reviewed, with reference to the facts, by having the judge file conclusions of fact, or by having a regular statement of facts prepared and filed in the manner prescribed by law. If his complaint on appeal relates solely to matters of law appearing on the face of the record, he may prosecute his appeal or writ of error on a transcript of the record alone. Whatever course he elects to pursue, it is not necessary in such cases to file a motion for a new trial. Craver v. Greer, 107 Tex. 356, 362, 363, 179 S. W. 862; Hess & Skinner En-

gineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593.

Appellant contends that the account sued on was not an open account, within the meaning of that term as used in article 3712, Revised Statutes, but that the same was under the allegations of appellees' petition, shown to be a stated account and therefore not within the provisions of said article. The allegations of said petition concerning said account are as follows:

"That heretofore, to wit, between the dates of October 31, 1922, and November 21, 1922, plaintiffs, at the special instance and request of the defendant, sold and delivered to him at the several times specified in the account hereto attached, marked 'Exhibit A' and made a part hereof, certain goods, wares, and merchandise in said account mentioned. In consideration whereof the defendant then and there promised plaintiffs to pay them the said several sums of money charged therefor in said account specified, amounting to the sum of two hundred forty-five and 60/100 ($245.60) dollars. The said account is due and payable upon demand; that said account was rendered to said defendant on or about the 1st day of December, A. D. 1922. That the said account is past due and unpaid, and the defendant, though often requested, has failed and refused and still refuses to pay the same, or any part thereof, to plaintiffs' damage."

The first item of the account so declared on was dated October 1, 1922, and the last item, November 20, 1922. There were 21 different entries in said account on as many different dates. Nearly every entry consisted of several different items of mechandise, and each entry contained a statement of the nature of each item, the price charged therefor, and the aggregate charge for all the items purchased at that time, if more than one. No credit or payment appeared on such account.

[2] An account stated is defined in 1 R. C. L. p. 207, § 3, as follows:

"An account stated is an account which has been rendered by one to another containing the balance which is alleged to be due, which balance is assented to or admitted to be a correct account of the debt it represents as due from the debtor. * * * A stated account properly exists only where accounts have been examined and the balance admitted as the true balance between the parties without having been paid."

According to the same authority, an account stated originally presupposed mutual or counter accounts, though the definition has since been broadened so that mutuality is no longer a prerequisite. Id. p. 209, § 6. The distinction with reference to accounts stated, as differentiated from other accounts, had its inception in a rule of the chancery courts, and such rule was first applied only

in controversies between merchants, though such rule has since been extended so as to embrace transactions between individuals. Id. p. 214, § 13. An account stated presupposes that the amount or balance shown thereby to be due is acknowledged by the debtor to be correct and unpaid. Such acknowledgment may be expressed or may be implied from circumstances. Id. p. 211, § 9. We have not been cited to any Texas case where such acknowledgment or assent has been held to be implied. It does not appear that the courts of this state have established any rule with reference to what circumstances must be shown to justify a finding of such acknowledgment or assent by implication.

[3] Appellees alleged that the account sued on was rendered to appellant and that he failed and refused to pay the same. No further allegation concerning the nature of the account with reference to the matter under consideration was made in said petition. Said petition contained no allegation tending to show that appellant admitted the correctness of such account and no allegation tending to show an implied assent thereto. The allegation that appellant failed and refused to pay such account tends to show the contrary. From all that appears in the petition, appellant may have disputed every item of such account when first presented, and strenuously denied liability for same, or any part thereof. No proof on this point was submitted on the trial of the case. The account sued on was not shown to be a stated account within the accepted definition of that term, 1 R. C. L. p. 211, § 9, and p. 213, § 12; Saltmarsh v. Vandeveer, 16 Tex. 5, 8; Neyland v. Neyland, 19 Tex. 423, 426; Maverick v. Maury, 79 Tex. 435, 441, 15 S. W. 686; Steger v. Greer (Tex. Civ. App.) 228 S. W. 304, 306; Bartholomew v. Shepperd, 41 Tex. Civ. App. 579, 93 S. W. 218, 220.

[4] The account sued on was duly verified as required by the terms of said article 3712. It was admitted in evidence, over the objection of appellant, that it was not an open account within the meaning of said article, and therefore incapable of proof by ex parte affidavit. No other proof tending to establish the correctness of the same nor appellees' right to recover the amount claimed therein was submitted. The judgment rendered is based solely on the ex parte affidavit of verification attached to such account.

Said article, so far as the provision here under consideration is concerned, has not been changed since it was first enacted in 1874. By its own terms it applies only to *open* accounts. What constitutes an open account, within the meaning of that term, as used in said article, was discussed and determined by our Supreme Court in the case of McCamant v. Batsell, 59 Tex. 363, 365. It is held in that case that the word "account" is used in said article in its popular sense, rather than in a technical sense, and that it applies to transactions between persons in which, by sale upon the one side and purchase upon the other, the title to personal property passes from one to the other, and the relation of debtor and creditor is thereby created by general course of dealing; that it does not mean one or more isolated transactions resting on special contract; that an account is said to be open when there have been running or current dealings between the parties, and the account is kept open with the expectation of further dealings; that even if a single article be sold and delivered and the price or *time of payment* (italics ours) be left in uncertainty—this is an open account, because there is a term of the contract to be ascertained and the account is therefore unliquidated; it is *open.*

[5] It is true appellees alleged that, in consideration of the sale and delivery of the several items of merchandise set out in said account, appellant then and there promised to pay them the sums of money charged for said items, respectively, as shown thereby. We construe such allegation to mean that the price of each article was agreed upon at the time of the sale and delivery thereof, and that appellant at that time promised to pay therefor. There is no allegation of any agreement with reference to when such promised payment was to be made. The allegation that such account was due and payable on demand is apparently a mere conclusion of the pleader and not inconsistent with the statute, which, in the absence of an express agreement, makes the amount owed for each item of goods purchased on a running account due and payable on delivery, and makes limitation begin to run against each item of such debt from that time. R. S. art. 5687; McCamant v. Batsell, supra, p. 370. The account sued on in this case meets every requirement laid down by the Supreme Court in the case above cited, and is in open account within the meaning of said article of the statute. McCamant v. Batsell, supra; Padgitt Bros. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124, 1126; Miller v. L. Wolff Mfg. Co. (Tex. Civ. App.) 225 S. W. 212, 213, 214; Rockdale Merc. Co. v. Brown Shoe Co. (Tex. Civ. App.) 184 S. W. 281, 282; Moore v. Powers, 16 Tex. Civ. App. 436, 41 S. W. 707; H. & T. C. Ry. Co. v. Hays & Co., 1 White & W. Civ. Cas. Ct. App. § 759.

The judgment of the trial court is affirmed.